FILED
2012 Oct-29  PM 01:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| TAMMY CARPENTER o/b/o | ] | |
| S.O.C., | ] | |
| | ] | |
| Plaintiff; | ] | |
| | ] | 7:12-cv-00080-LSC |
| vs. | ] | |
| | ] | |
| MICHAEL J. ASTRUE, | ] | |
| Commissioner of Social Security, | ] | |
| | ] | |
| Defendant. | ] | |

MEMORANDUM OF OPINION

I.      Introduction.

Plaintiff, Tammy Carpenter, on behalf of her minor child, S.O.C. ("Claimant"), appeals the decision of the Administrative Law Judge ("ALJ") denying her application for Child's Supplemental Security Income ("SSI"). Ms. Carpenter has timely pursued and exhausted her administrative remedies, and the decision of the ALJ is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Claimant was eight years old at the time of the ALJ's decision.  (Tr. at 23.) Plaintiff believes that her daughter became disabled on September 15, 2007, due to attention deficit hyperactivity disorder ("ADHD").  (*Id*. at 20, 43.)

When evaluating the disability of a child, the regulations prescribe a three-step

sequential evaluation process. *See* 20 C.F.R. § 416.924(a). The first step requires a determination of whether the child is "doing substantial gainful activity." *Id*. If she is, then the child is not disabled and the evaluation stops. *Id*. If the child is not engaged in substantial gainful activity, the second step requires the ALJ to determine whether she suffers from a severe impairment or combination of impairments. *Id*. An impairment is considered "severe" if it causes more than minimal functional limitations. *Id*. § 416.924(c). If the impairments are not severe, the analysis stops. *Id*. § 416.924(a). However, if the impairments are "severe," the third step requires the ALJ to determine if one or more of the impairments meets or equals an impairment listed in Appendix 1 to Subpart P of Part 404. *Id*. If the child has such an impairment and it meets the durational requirement, the ALJ will find that she is disabled. *Id*. If each of the criteria enumerated in the listings is not met, the ALJ must decide whether the impairment or combination of impairments "functionally equals" the severity of any listed impairment. *See id*. § 416.924(d).

When assessing a child's functional limitations, the ALJ considers all of the relevant factors, such as: how well the child can initiate and sustain activities, how much extra help he or she requires, the effects of structures or supportive settings, how the child functions in school, and the effects of medications or other treatments

on the child's health. *Id.* § 416.926a.  To determine functional equivalence, the ALJ must evaluate the child's limitations in the following six functional areas, called domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) the ability to care for herself; and (6) health and physical well-being.  *See Id.* § 416.926a(b)(1)(i-vi).  An impairment, or combination of impairments, functionally equals a listed impairment if it results in either "marked" limitations in two of the previously mentioned domains or an "extreme" limitation in one domain.[1]  *See id.* § 416.926a(a).

Applying this sequential evaluation, the ALJ found that Claimant has not engaged in substantial gainful activity at any time relevant to the decision.  (Tr. at 23.) Based on the evidence presented, the ALJ concluded that her ADHD is considered "severe" according to 20 C.F.R. § 416.924(c).  (*Id.*)  Nonetheless, the ALJ determined that this impairment did not medically meet or equal the severity of any impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (*Id.*)  In evaluating functional equivalence, the ALJ found that Claimant does not have an impairment that

---

[1] For purposes of deciding the overall limitation in the six functional domains, a "marked" limitation is one that "seriously" interferes with functioning, and an "extreme" limitation is one that "very seriously" interferes with functioning.  *See* 20 C.F.R. § 416.926a(e)(2) and (3).

3

meets or medically equals the listings in 20 CFR §§ 416.924(d) and 416.926(a).  (*Id.*)
In the domains of acquiring and using information, attending and completing tasks,
interacting and relating with others, and caring for yourself, the ALJ found Claimant
has "less than marked limitation."  (*Id.* at 26-30, 32.)  In the areas of moving about
and manipulating objects and health and physical well-being, the ALJ found Claimant
has "no limitation." (*Id.* at 31, 33.)  The ALJ concluded by finding that "Claimant has
not been disabled, as defined by the Social Security Act, since September 30, 2008,
the date the application was filed . . . ."  (*Id.*)

II.     Standard of Review.

        The Court's role in reviewing claims brought under the Social Security Act is
a narrow one.  The scope of its review is limited to determining (1) whether there is
substantial evidence in the record as a whole to support the findings of the
Commissioner, and (2) whether the correct legal standards were applied. *See
Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d
1219, 1221 (11th Cir. 2002).  The Court approaches the factual findings of the
Commissioner with deference, but applies close scrutiny to the legal conclusions. *See
Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  The Court may not decide facts,
weigh evidence, or substitute its judgment for that of the Commissioner.  *Id.*  "The

substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "[d]espite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.     Discussion.

Plaintiff filed the instant action on January 9, 2012, asking for judicial review of the ALJ's decision. (Doc. 1.) However, Plaintiff subsequently filed a letter notifying the Court that she was electing not to submit any brief, argument, list of authorities, or statement in support of her appeal. (Doc. 8.) The Commissioner submitted a brief

(doc. 9), and Plaintiff did not submit a reply.  Deadlines for submissions have passed, and the issues in this case are ripe for decision.  Plaintiff has failed to point to any errors in the ALJ's opinion, despite the fact that she had three opportunities to do so: (1) the complaint, (2) an initial brief in support of her claim, and (3) a reply to the Commissioner's brief.

This Court, however, has thoroughly reviewed both the ALJ's opinion and the entire evidentiary record.  Based upon that evaluation, the Court concludes that the ALJ's decision applies the proper legal standards and is supported by substantial evidence.  The ALJ did not err when he concluded that Claimant is not disabled.

IV.    Conclusion.

Because the Court finds that the Commissioner's final decision applies the proper legal standards and is supported by substantial evidence, the decision of the Commissioner of the Social Security Administration will be affirmed by separate order.

Done this 29th day of October 2012.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
[160704]

6